# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  DUSTIN WATSON,            )<br>                                             )<br>     Plaintiffs,              )<br>                                             )<br>v.                                       )  Case No. CIV-14-887-R<br>                                             )<br>1.  SHELTER MUTUAL INSURANCE  )<br>     COMPANY, A Foreign For Profit )<br>     Insurance Corporation,       )<br>                                             )<br>     Defendant.                    )  | |

## COMPLAINT

### A.   Parties

1. Plaintiff, Dustin Watson, is a citizen of the State of Oklahoma.

2. Defendant, Shelter Mutual Insurance Company, is a foreign for profit insurance corporation incorporated and organized under the laws of the State of Missouri.

3. The principal place of business for Defendant, Shelter Mutual Insurance Company, is Columbia, Missouri.

4. The Defendant, Shelter Mutual Insurance Company, is licensed to conduct business in the state of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5. This action is not related to any other case filed in this Court.

### B. Jurisdiction

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### C. Facts

7. At all times material hereto, the Plaintiff, Dustin Watson, owned property located at 9813 Skylark Road, in Oklahoma City, Oklahoma.

8. On or about April 26, 2013, Plaintiff's home and property was damaged as a result of wind and hail.

9. At all times material hereto, the Plaintiff, Dustin Watson, was insured under the terms and conditions of a homeowner's insurance policy, policy number 35-71-008057235-0001, issued by the Defendant, Shelter Mutual Insurance Company.

10. At all times material hereto, Plaintiff, Dustin Watson, complied with the terms and conditions of his insurance policy.

11. Wind and hail damage are covered perils not otherwise excluded pursuant to the terms and conditions of the policy issued by the Defendant.

### D. Count I Breach of Contract

12. Plaintiff, Dustin Watson, hereby asserts, alleges and incorporates paragraphs 1-11 herein.

13. The property insurance policy No. 35-71-008057235-0001, issued by

Defendant, Shelter Mutual Insurance Company, was in effect on April 26, 2013.

14. The acts and omissions of Defendant, Shelter Mutual Insurance Company, in its investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual and extra-contractual damages are hereby sought. Defendant breached its contract with Plaintiff by failing to properly investigate, evaluate and pay Plaintiff's claim. Defendant unreasonably refused to adjust Plaintiff's claim to allow for the actual cost to repair Plaintiffs' property with materials of like kind and quality. Plaintiff provided an estimate and sub-contractor bids to repair/replace the undisputed damage to Plaintiff's home and related structures. Plaintiff had a contractor ready, willing and able to perform the repairs. Defendant, as part of a company- wide practice, refused to consider and pay reasonable repair/replacement costs that are greater than what was generated by its computer estimating program. Defendant unreasonably and in bad faith refused to deviate from its pricing program despite the fact that the cost to actually complete the repairs and/or replacement was higher than what was paid by Defendant. Plaintiff notified Defendant about the repair/replacement deficits in its payment and Defendant refused to make any adjustments and/or deviations from its estimating program. Defendant's use of its pricing system under these circumstances was unreasonable, in bad faith, outside of insurance industry standards and constitutes an unreasonable breach of the payment provisions

of Plaintiff's insurance policy.

### E. Count II Bad Faith

15.   Plaintiff, Dustin Watson, hereby asserts, alleges and incorporates paragraphs 1-14 herein.

16.   The acts and omissions of the Defendant, Shelter Mutual Insurance Company, in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

17.   The acts and omissions of Defendant, Shelter Mutual Insurance Company, in its investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual and extra-contractual damages are hereby sought.  Defendant breached its contract with Plaintiff by failing to properly investigate, evaluate and pay Plaintiff's claim.  Defendant unreasonably refused to adjust Plaintiff's claim to allow for the actual cost to repair Plaintiffs' property with materials of like kind and quality.  Plaintiff provided an estimate and sub-contractor bids to repair/replace the undisputed damage to Plaintiff's home and related structures.   Plaintiff had a contractor ready, willing and able to perform the repairs.  Defendant, as part of a company- wide practice, refused to consider and pay reasonable repair/replacement costs that are greater than what was generated by its computer estimating program.   Defendant unreasonably

and in bad faith refused to deviate from its pricing program despite the fact that the cost to actually complete the repairs and/or replacement was higher than what was paid by Defendant. Plaintiff notified Defendant about the repair/replacement deficits in its payment and Defendant refused to make any adjustments and/or deviations from its estimating program. Defendant's use of its pricing system under these circumstances was unreasonable, in bad faith, outside of insurance industry standards and constitutes an unreasonable breach of the payment provisions of Plaintiff's insurance policy.

18. The Defendant further acted unreasonably and in bad faith by forcing Plaintiff to file a lawsuit to recover policy benefits that are due and owing pursuant to the terms and conditions of Plaintiff's insurance policy.

### F. Count III Punitive Damages

19. Plaintiff, Dustin Watson, hereby asserts, alleges and incorporates paragraphs 1-18 herein.

20. The unreasonable conduct of the Defendant, Shelter Mutual Insurance Company, in the handling of Plaintiff's claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiff for which punitive damages are hereby sought.

### G. Demand for Jury Trial

21. The Plaintiff, Dustin Watson, hereby requests that the matters set forth

herein be determined by a jury of his peers.

## H. Prayer

22.     Having properly plead, Plaintiff, Dustin Watson, hereby seeks contractual, bad faith and punitive damages against the Defendant, Shelter Mutual Insurance Company, all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
Michael D. McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFFS**